# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

KATHLEEN ROBERTS,                    )
                                     )
     Plaintiff,                    )
                                     )
v.                                   )          Case No. CV412-235
                                     )
MEMORIAL MEDICAL CENTER,             )
                                     )
     Defendant.                    )

## REPORT AND RECOMMENDATION

Proceeding *pro se*, plaintiff Kathleen Roberts sought leave to file this employment-discrimination case without prepayment of the Court's filing fee.  Doc. 2.  The Court denied it and she has since paid the fee.  Hence, the Court will screen her case to determine whether it should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) for failure to state a claim. *See Abram-Adams v. Citigroup, Inc.*, 2012 WL 4901166 at *1 (11th Cir. Oct. 16, 2012) (affirming *sua sponte* dismissal of Title VII complaint "as untimely and therefore frivolous under 28 U.S.C. § 1915(e)(2)(B)."); *Selensky v. Alabama*, 446 F. App'x 213, 213 (11th Cir. 2011).

Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, . . . sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).   The inquiry is "whether the defendant intentionally discriminated against the plaintiff." *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983) (quotes and cite omitted).

To establish a prima facie case of discrimination under Title VII, a plaintiff must show: (1) she is a member of a protected class; (2) she sought and was qualified for the position in question; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably, and she was qualified to do the job.   *Burke-Fowler v. Orange County*, 447 F.3d 1319, 1323 (11th Cir. 2006); *Manora v. Donahoe*, 439 F. App'x 352, 355 (5th Cir. 2011). After evidence is adduced and sifted through a burden-shifting process, courts determine whether the "intentional discrimination" noted by *Aikens* actually occurred.

2

Plaintiff's Complaint is unorganized, repetitive, weighted down with acronyms that presume foreknowledge (e.g., "When I worked on the 1st floor, I was a CHUC," doc. 1 at 8), and seems to say that she is a health-care provider at Memorial Medical Center (MMC) who is being "treated unfairly" by superiors on her work assignments and work shifts.   Doc. 1 at 1-45.   Worse, Roberts has not even bothered to supply a name on the caption of her case for the "Defendant" (the Clerk took an educated guess and named MMC on the docket).   She does say, in the body of the papers that arguably constitute a complaint under Fed. R. Civ. P. 7(a)(1), that she is "not suing the hospital, I am suing the people who run the everyday operations of my particular unit."   *Id.* at 8.   Hence, she is suing her supervisors.

Roberts fundamentally misunderstands the nature of Title VII claims.   She evidently feels that, because she was treated unfairly, she can sue her supervisors under Title VII -- she elected to use a Title VII form Complaint here.   That claim fails on multiple grounds.   First, as noted above, a Title VII plaintiff must show someone similarly situated, outside of her class, who was treated more favorably, and so on.   Then

3

the court evaluates the employer's reasons for the adverse action (the discharge, failure to promote, etc.) to determine whether Title-VII violating discrimination (as opposed to generic unfairness) actually occurred. *See, e.g., Manora*, 439 F. App'x at 357-58. Roberts comes nowhere close to establishing a prima facie case.

Second, Title VII permits suits against a plaintiff's *employer*, not against supervisors in their individual capacity. *Bryant v. Dougherty County Sch. Sys.*, 382 F. App'x 914, 916 n. 1 (11th Cir. 2010); *Fulst v. Thompson*, 2009 WL 4153222 at * 3-4 (S.D. Ohio Nov. 20, 2009) ("Supervisory employees are not typically proper defendants under Title VII because they do not fall within the definition of 'employer.'"). By insisting that she only wants to sue her supervisors, plaintiff has pled herself out of court.

Third, "[b]efore suing under Title VII, a plaintiff must first exhaust her administrative remedies." *H & R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010); *Lytton v. Thyssenkrupp Inplant Services, LLC*, 2012 WL 3778999 at * 2 n. 3 (S.D. Ala. Jul. 31, 2012). The Court's Title VII form complaint that Roberts used asked her

questions for a reason -- to elicit indispensable facts like whether she exhausted her remedies with the Equal Employment Opportunities Commission (EEOC). *See* doc. 1 at 3. She ignored those questions. Her case therefore must also be dismissed for her failure to show that she exhausted her administrative remedy with the EEOC. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012) ("Title VII requires that before a plaintiff file a lawsuit alleging discrimination, she must timely file a charge with the EEOC or a state or local agency with authority to seek relief.").

It does not appear likely that, even were the Court to *sua sponte* grant her a "second chance" to amend her Complaint, *see Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010), she could salvage this case. It thus should be **DISMISSED**.[1]

---

[1] Roberts also moves for the appointment of counsel. Doc. 2. With this dead-on-arrival case, however, she simply does not meet the standards recently illuminated in *Brown v. John Deere Product, Inc.*, 460 F. App'x 908, 909 (11th Cir. 2012) (district court did not abuse its discretion in denying employment discrimination plaintiff's motion for appointment of counsel, absent exceptional circumstances; facts and legal issues in case were neither novel nor complex, and plaintiff's filings evidenced ability to communicate with the court). Her motion (doc. 2) is therefore **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 29th day of

October, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**